*Kennedy & Greene,* for John J. McGauley, *Ex.*

JOHN R. WHITE & SON, INC. *vs.* JOHN McNICHOLAS.

DECEMBER 6, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

.. This is an action of the case in assumpsit, and is before this court solely on the defendant's exception to the refusal of the trial justice to grant his motion for a new trial after a jury in the superior court had returned a verdict for the plaintiff for $210.

The action was brought to recover the price of an oil burner installed by the plaintiff about the middle of September 1938 in a house owned by the defendant and occupied by his tenant. Evidence for the plaintiff tended to show that the defendant came to the plaintiff's place of business twice to look at types of burners, and on the second visit gave a verbal order to have the one in question installed as soon as possible. The plaintiff did this, but the defendant neither paid for the burner nor ordered it removed.

At the time of the trial the burner was in use in the defendant's house and, according to the testimony of the tenant, was operating satisfactorily. The latter also gave evidence that he and the defendant had an agreement that for twenty months the tenant would pay $5 each month in addition to his rent, the added amount to be applied to the purchase price of an oil burner which was to be installed in September 1938, and that he, the tenant, had carried out his part of such agreement.

The defendant contended in general that the usual way of purchasing oil burners was by written order; that he had given no order whatever, either oral or written, to the plaintiff to install the burner in question; that he had merely gone to the plaintiff's place of business in July 1938 to look at the types of burners there; that he had told an officer of the plaintiff company that he might be back later and that at the same time he had also examined burners sold by other

dealers. The defendant testified, in substance, that in September he knew the burner had been installed; that he did not order the plaintiff to remove it then, but that he intended to instruct the latter to do so when it asked for payment; that he never received a bill for the burner from the plaintiff, and that the burner was not satisfactory and did not include certain customary appliances.

The conflicting evidence and the conduct of the parties clearly presented a case for the jury to determine in the first instance. Their verdict has been approved by the trial justice. The credibility of the witnesses is an important factor in such a case as this. Both the jury and the trial justice saw and heard the witnesses as they testified, an advantage which we do not have. Upon consideration of all the evidence, we cannot say that the decision of the trial justice in denying the defendant's motion for a new trial was clearly wrong.

The defendant's exception is, therefore, overruled, and the case is remitted to the superior court for the entry of judgment on the verdict.

*Hart, Gainer & Carr, David B. Lovell, Jr.,* for plaintiff.

*Herbert J. Stowell,* for defendant.